UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DESERIE CRAVALHO, | ) | 1:05cv0669 OWW DLB |
| | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |
| v. | ) | |
| | ) | (Document 36) |
| MERCED CITY SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Deserie Cravalho ("Plaintiff") filed the instant motion to compel further responses to request for production of documents on May 22, 2006. The motion was heard on June 23, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. Stephen Rand appeared on behalf of Plaintiff. Jeffrey Olson appeared on behalf of Defendants Merced City School District ("District"), Robert Frausto and Leon Cope.

**BACKGROUND**

Plaintiff filed this civil rights complaint on May 23, 2005, against the District, Stephen Mendyk, Robert Frausto and Leon Cope (collectively "Defendants"). Plaintiff's allegations arise out of her employment with the District. She alleges claims for: (1) Discrimination based on race; (2) Sexual harassment; and (3) Retaliation for reporting sexual harassment and racial discrimination. On August 12, 2005, plaintiff dismissed defendant Mendyk from this action.

1

Plaintiff filed the instant motion to compel on May 22, 2006, and seeks to compel further responses to her first set of requests for production of documents served on January 5, 2006. Defendant filed an opposition on June 13, 2006 and plaintiff filed a reply on June 14, 2006. The parties did not file a Joint Statement in accordance with Local Rule 37-251.

## FACTUAL ALLEGATIONS

Plaintiff alleges that she was subjected to sexual harassment by management employees of the District, including the individually named Defendants. She also alleges that the Defendants discriminated against her based on her race. She alleges the District then retaliated against her for complaining about the discrimination and harassment.

Defendants deny the allegation in the Complaint that allege any wrongdoing and have raised appropriate affirmative defenses. Defendants pray that Plaintiff take nothing by her Complaint, that the Complaint be dismissed, that Defendants recover their reasonable attorneys' fees and costs of suit incurred.

## LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Confidential communications made by a client to an attorney to obtain legal services are protected from disclosure by the attorney client privilege. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577 (1976); *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *United States v. Hirsch*, 803 F.2d 493, 496 (9th Cir. 1986). The privilege's central concern is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. at 2625 (1989) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677 (1981)). "A party seeking to withhold discovery

based upon the attorney-client privilege must prove that all of the communications it seeks to protect were made 'primarily for the purpose of generating legal advice." *Griffith v. Davis*, 161 F.R.D. 687, 697 (C.D. Cal. 1995) (quoting *McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990)).

"The attorney work product doctrine protects from discovery materials prepared by an attorney in anticipation of litigation." *United States v. Bergonzi*, 216 F.R.D. 487, 494 (N.D. Cal. 2003) *citing Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 385 (1947).  The privilege is intended to preserve the privacy of attorneys' thought processes, and to prevent unnecessary intrusion by opposing parties and their counsel." *Id.*  The Supreme Court has held that the work product doctrine applies to documents created by investigators working for attorneys, provided the documents were created in anticipation of litigation. *United States v. Nobles,* 422 U.S. 225, 239, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).

### **DISCUSSION**

    The parties have divided the requests at issue into two categories: (1) non-privileged documents; and (2) privileged documents.  With respect to the non-privileged category, the parties informed the court at the beginning of the hearing that these requests had been resolved and that defendants had supplemented their responses.

With respect to the privileged documents, at issue are Plaintiff's Request Nos. 5 and 9 to defendants Frausto and Cope; and Request Nos. 4, 5, 10 and 15 to the District.

Plaintiff represents that Defendants produced some of the discovery responsive to the above requests on May 17, 2006.  Plaintiff states that based on the documents provided, it appears there were significant complaints about her which are contained in certain withheld interviews of District employees Pam Silva and Pam Roberts.  Defendants have refused to produce the documents related to an investigation of sexual harassment involving Plaintiff, claiming that the documents are protected by the attorney client privilege because an attorney, Stephen A. Mendyk, conducted the investigation, citing *Upjohn Co. v. United States,* 449 U.S.

1  383 (1981).[1]  Defendants represent that the "documents" at issue are (1) transcribed statements;
2  (2) recorded statements; and (3) attorney notes.
3   The recorded and transcribed statements of the District employees, insofar as they relate
4  to Plaintiff or her claims in this action, are relevant and therefore discoverable.  The documents
5  are not protected by the attorney client privilege because the employees were not seeking legal
6  advice from the District's attorney.  The attorney was merely performing a factual investigation
7  on behalf of the District.  These items must therefore be produced.  The attorneys' conclusions
8  and notes, however, are protected by the attorney work product doctrine and need not be
9  produced by the District.
10   IT IS SO ORDERED.
11   Dated:    July 3, 2006                    /s/ Dennis L. Beck
    3b142a                                UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to *Upjohn*, the attorney client privilege applies only if (1) the asserted holder is or sought to become a client; (2) the person to whom th eocmmunicaiton was made is (a) a member of the bar; and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.